UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

RAYMOND TEAGUE,                )
                               )
          Plaintiff,           )
                               )   No. 1:06-CV-91
v.                             )
                               )   Chief Judge Curtis L. Collier
BILL COX, *et al.*,            )
                               )
          Defendants.          )

## MEMORANDUM

Before the Court are cross-motions for summary judgment filed by Plaintiff Raymond Teague (Court File No. 44) and Defendants Bill Cox, Thomas Evans, Bill Dalton, Lynn Duncan, Charles Traughber, Patsy Bruce, Ronnie Cole, and Jack G. Elder (Court File No. 31). The Court has reviewed the briefs and related submissions of the parties, the evidence, and the applicable law. For the following reasons, the Court will **GRANT** Defendants' motion (Court File No. 31) and **DENY** Plaintiff's motion (Court File No. 44).

## I.     BACKGROUND

Plaintiff, an inmate in a Tennessee prison, brings this complaint under 42 U.S.C. §§ 1983 and 1985. He alleges the methods and procedures used by Defendants in denying him parole violated his constitutional rights.

Plaintiff was convicted of first degree murder in 1980 for killing his exwife. He was originally sentenced to death, but in 1995 the sentence was reduced to life imprisonment. *See generally State v. Teague*, 897 S.W.2d 248 (Tenn. 1995); *Teague v. State*, 772 S.W.2d 932, 934-35 (Tenn. Crim. App. 1988).

Plaintiff became eligible for parole in 2005, and a parole hearing was held on April 19, 2005. That hearing was attended by two members of the Tennessee Board of Probation and Parole (BOPP), defendants Dalton and Duncan. At the hearing, Dalton and Duncan voted to deny Plaintiff's parole. Two other BOPP members, defendants Cole and Bruce, did not attend the hearing but voted to deny parole after reviewing Plaintiff's parole file. Each made their decision based on the seriousness of the offense. In denying parole, BOPP relied on the parole laws and procedures in effect at the time of the hearing, rather than those in effect at the time of the offense. Plaintiff alleges BOPP has granted parole on first consideration to other inmates who were serving life sentences for first degree murder despite having worse disciplinary records than Plaintiff (Court File Nos. 54-2, 54-3).

Defendant Evans, who was a victim-witness advocate for the district attorney's office of Hamilton County, Tennessee, appeared at the parole hearing via videoconferencing equipment. Speaking on behalf of the district attorney's office, he argued against parole. Plaintiff alleges Evans referenced a murder charge against Plaintiff which had been expunged in accordance with Tennessee law. Separate from his murder conviction, Plaintiff had entered a plea of no contest to accessory before the fact to murder for the killing of John Mark Edmonds, which Evans argued was Plaintiff's motive for killing his exwife. Defendant contends there is no evidence Plaintiff's conviction was ever expunged. However, they note the criminal charge was subsequently dismissed. *See Teague*, 772 S.W.2d at 932 (dismissing conviction due to ineffective assistance of counsel).

Plaintiff contends he was denied due process as a result of the use of the expunge offense and the loss of the tape of the parole hearing, which he claims hampered his ability to appeal. He also alleges the parole board committed an ex post facto violation by using parole procedures in effect at the time of the hearing, rather than at the time of the offense.

## II. STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When evaluating cross-motions for summary judgment, each motion is evaluated on its own merits with all facts and inferences in the light favorable to the nonmoving party. *Bakery & Confectionery Union & Indus. Int'l Health Benefits & Pension Funds v. New Bakery Co.*, 133 F.3d 955, 958 (6th Cir. 1998).

First, the moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations, but must submit significant probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323. In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## III. DISCUSSION

### A. Due Process Violations

Plaintiff contends Defendants violated his constitutional right to due process by relying on an expunged offense in denying parole and losing the audio tape of his parole hearing. Defendants contend prisoners have no due process rights in parole proceedings and assert Plaintiff's factual allegations are erroneous.

The possibility of parole does not give rise to a constitutionally protected interest. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11 (1979). However, such an interest may be created by a state's parole statutes and regulations. In 1984, the United States Court of Appeals for the Sixth Circuit concluded inmates in Tennessee had a liberty interest in parole because of a parole board regulation. *Mayes v. Trammell*, 751 F.2d 175, 179 (6th Cir. 1984). But, in 1985, the regulation was amended. As a result, the Sixth Circuit held inmates no longer had a liberty interest in parole. *Wright v. Trammell*, 810 F.2d 589, 591 (6th Cir. 1987). Since then, courts have consistently held Tennessee law does not provide due process rights to parole for inmates. *Seagroves v. Tenn. Bd. of Prob. & Parole*, 86 F. App'x 45, 48 (6th Cir. 2003); *Rowan v. Traughber*, 48 F. App'x 489, 490 (6th Cir. 2002); *Berry v. Traughber*, 48 F. App'x 483, 484 (6th Cir. 2002); *Hamilton v. Traughber*, 1998 U.S. App. LEXIS 6645, *3 (6th Cir. Mar. 31, 1998); *Holt v. Traughber*, 1995 U.S. App. LEXIS 21595, *2-3 (6th Cir. July 28, 1995); *Eslick v. Traughber*, 1995 U.S. App. LEXIS 1977, *3 (6th Cir. Jan. 27, 1995); *Banner v. Bradley*, 1994 U.S. App. LEXIS 18125, *7 (6th Cir. July 15, 1994); *Hinds v. Tennessee*, 888 F. Supp. 854, 856-57 (W.D. Tenn. 1995); *State v. Sutton*, 166 S.W.3d 686, 691 (Tenn. 2005); *Kaylor v. Bradley*, 912 S.W.2d 728, 735 (Tenn. Ct. App. 1995).

Plaintiff contends his due process rights were violated by the use of expunged records during

his parole hearing and the loss of an audio tape of the hearing. In addition to lacking a due process right to parole hearings, Plaintiff's claims are factually deficient.

Defendants note there is no evidence of any expungement, and Plaintiff has failed to submit any evidence to the contrary. The Court has reviewed all the evidence in the record, as well as the Tennessee state judicial opinions regarding Plaintiff's murder case, and can find no indication any offense was expunged. Plaintiff cannot rely on the allegations in his pleadings; he must submit probative evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). In the transcript of the parole hearing, Plaintiff told the BOPP members, "I believe [defendant] Evans there even signed off on the paperwork to have [the offense] expunged." (Court File No. 42, p. 14). This speculation by Plaintiff is insufficient to create a genuine issue of material fact.

Furthermore, the transcript of the parole hearing shows the testimony about the offense fully discussed the underlying facts as well as the fact that Plaintiff's no contest plea was set aside on appeal (Court File No. 42, pp. 10-14 & 43, pp. 12-13). The fact that a conviction is set aside or expunged does not erase the facts surrounding it. *See Eagle v. Morgan*, 88 F.3d 620, 626 (8th Cir. 1996); *Nilson v. Layton*, 45 F.3d 369, 372 (10th Cir. 1995); *State v. Schindler*, 986 S.W.2d 209, 211 (Tenn. 1999). To succeed on a procedural due process claim, Plaintiff must have been deprived without appropriate process of a liberty or property interest protected by the Fourteenth Amendment. *Hamilton v. Myers*, 281 F.3d 520, 529 (6th Cir. 2002); *Franklin v. Aycock*, 795 F.2d 1253, 1261 (6th Cir. 1986). Plaintiff has no liberty or property interest in people not mentioning that they think he helped commit murder.

As to the allegedly lost tape recording of the parole hearing, Plaintiff testified he was told

the tape was damaged and inaudible (Court File No. 48, p. 22). However, Plaintiff then acknowledged there is a transcript of the hearing, but states "it's just not accurate." (*Id.*, p. 23). He states, "in a lot of place, [it] just changes subjects, or drops off the conversation. It's inaudible." (*Id.*) Plaintiff offers no specifics. In fact, there is a transcript, certified by a court reporter, of the entire proceeding (Court File Nos. 42, 43). Except for a handful of inaudible words contained in the 84 pages, there is nothing obviously indicating the transcript is incomplete.

Accordingly, Plaintiff's due process claims are without merit.

### B. Ex Post Facto Violation

Plaintiff contends BOPP relied on provisions of Tennessee's parole law that do not apply to his case because they violate the ex post facto clause of the United States Constitution.

"No state shall . . . pass any . . . ex post facto law." U.S. Const. Art. I, § 10. A law violates the ex post facto clause if: (1) It applies to events occurring before its enactment, and (2) It disadvantages the offender affected by it, by altering the definition of criminal conduct or increasing the punishment for the crime. *Lynce v. Mathis*, 519 U.S. 433, 441 (1997).

A retroactive law disadvantages an offender if it creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Garner v. Jones*, 529 U.S. 244, 250 (2000) (quoting *California Dept. of Corrections v. Morales*, 514 U.S. 499, 509 (1995)). The Supreme Court has applied the ex post facto clause to parole proceedings. In some instances, inmates demonstrated that their punishment increased as the result of a retroactive law. *E.g.*, *Lynce*, 519 U.S. at 446-47; *Weaver v. Graham*, 450 U.S. 24, 33 (1981). In other instances, inmates failed to show a retroactive change would "have effect on any prisoner's actual term of confinement." *E.g.*, *Morales*, 514 U.S. at 512 (holding, a "speculative and attenuated risk of increasing the measure of

6

punishment" does not establish an ex post facto violation). When it is not clear from the statue if it would violate the ex post facto clause, it is necessary to develop an evidentiary record. *See Garner*, 529 U.S. at 257.

In Plaintiff's memorandum in support of summary judgment, he notes Tenn. Code Ann. § 40-3614 was in effect at the time of Plaintiff's offense and Tenn. Code Ann. § 40-28-117 replaced it at the time of the parole hearing. The original statute provided that under certain conditions a prisoner "shall" be paroled. At the time of Plaintiff's parole hearing, the statute provided that under the same conditions, a prisoner "may" be paroled. In addition, a new provision, known as the "seriousness provision," prohibits an inmate from being granted parole if the parole board finds that releasing the inmate "would depreciate the seriousness of the crime." Tenn. Code Ann. § 40-35-503(b).

Because the voting members of the BOPP acknowledged they relied on the 2005 statute and rules instead of the 1980 ones, Plaintiff contends he is entitled to summary judgment on his claimed ex post facto violation. Defendants disagree. They argue there was no change in any law that retroactively inflicted a greater sentence on Plaintiff.

Plaintiff argues the Sixth Circuit's decision in *Dyer v. Bowlen*, 465 F.3d 280 (6th Cir. 2006) controls this case, and the Court agrees. In *Dyer*, a Tennessee inmate brought a habeas corpus action pursuant to 28 U.S.C. § 2254, asserting the BOPP's use of the old statute and rules violated the ex post facto clause. The district court had dismissed the petitioner's claim prior to discovery. The Sixth Circuit concluded the petitioner should be allowed to present evidence to "demonstrate a sufficient risk of increased punishment." *Id.* at 288-89 (quoting *Morales*, 514 U.S. at 509). The petitioner was "unable to show the requisite risk in the wording of the statutes themselves," so the

7

Court remanded the case to allow discovery and an evidentiary hearing. *Id.* at 289.

Defendants argue *Dyer* is not applicable to this case because it was a habeas corpus action and this is a § 1983 action, as if the different causes of action somehow change the underlying law. Allegations that state parole procedures violate the United States Constitution can be brought under either § 1983 or the habeas corpus statute. *Wilkinson v. Dotson*, 544 U.S. 74, 76 (2005). Defendants emphasize that the Sixth Circuit applied deferential standards in *Dyer*, but this argument is nonsensical. The Sixth Circuit's determination of the law is binding on this Court. Furthermore, the Sixth Circuit reached its determination *despite* the deferential standards of habeas corpus actions, concluding the Tennessee Court of Appeals had applied federal law incorrectly and unreasonably. The law as set forth in *Dyer* is applicable to this case. *See Michael v. Ghee*, 498 F.3d 372, 384 (6th Cir. 2007) (applying *Dyer* to a § 1983 action regarding Ohio's parole rules).[1]

Defendants also argue that any ex post facto evaluation should be based on the statutes in effect in 1995, when Plaintiff's sentence was reduced from death to life imprisonment. Not surprisingly, Defendants cite no authority for this proposition. Ex post facto violations relate to the date of a criminal offense, not the date of sentencing.

Having concluded that Plaintiff can raise an ex post facto challenge, the Court must now review his evidence. Although the Supreme Court has not laid out a specific formula for determining if an ex post facto challenge has merit, it "has consistently required petitioners to

---

[1]Plaintiff also argues an ex post facto violation results from a change in the BOPP's rules, which no longer contain what is known as the good candidacy rule. In *Dyer*, 465 F.3d at 283, the Sixth Circuit noted that the petitioner had raised this claim, but the Court appears to have concluded the Tennessee courts correctly disposed of that claim by following *Kaylor v. Bradley*, 912 S.W.2d 728, 733 (Tenn. Ct. App. 1995). Indeed, the Sixth Circuit has previously rejected such a claim. *Berry v. Traughber*, 48 F. App'x 483, 485 (6th Cir. 2002); *White v. Tenn. Bd. of Prob. & Paroles*, 2007 WL 2572196, *6 n.1, 2007 U.S. Dist. LEXIS 65187, *14 n.1 (W.D. Tenn. Aug. 31, 2007).

proffer actual evidence, rather than mere speculation, regarding the retroactive application's disadvantageous effect." *Dyer*, 465 F.3d at 285. The *Dyer* Court noted the petitioner should be given "an opportunity to access data pertaining to the effect of the retroactive application of the parole laws on his own prison term (or the terms of others similarly situated)." *Id.* at 290. Plaintiff acknowledges this evidentiary burden and contends he has satisfied it:

> The opinion in *Dyer* demonstrates that the Plaintiff is to go forward with evidence showing how BOPP's failure to apply the 1980 statutes and rules put him at an actual disadvantage. 465 F.3d at 290. Such evidence is attached to Plaintiff's statement of undispted [sic] facts, in the form of inmate records in the same position as Plaintiff – a first degree murder conviction with life imprisonment. In each case the inmate was granted parole the first time he was eligible.

(Court File No. 53, p. 7). Plaintiff offers no further elaboration as to his evidence or what inferences the Court should draw from it. He submitted what appear to be inmate records for two inmates who had been incarcerated in Tennessee state prisons since the 1970's before being released on parole at some unknown points. This evidence gives the Court no indication as to how the retroactively-applied parole laws have operated, such as whether inmates are being incarcerated for lengthier periods of time due to the new laws. In fact, by showing that two inmates have been released on parole, the evidence tends to show no increase in punishment. Plaintiff, despite being represented by counsel, has produced evidence that is woefully insufficient and almost entirely unrelated to his goal of showing that the retroactive law created "a sufficient risk of increasing the measure of punishment attached to the covered crimes."[2] Accordingly, on the evidence presented by Plaintiff,

---

[2]*Dyer* is not just a Sixth Circuit opinion but also a pending case. After *Dyer* was remanded to the district court, specifically another judge of this court, the court appointed counsel, who conducted discovery, according to the docket sheet, 1:01-CV-392. Filings in that case show that the petitioner's counsel sought information on all inmates considered for parole since 1970 (*e.g.*, 1:01-CV-392, Court File No. 50-2). That type of evidence could have been useful to Plaintiff in this case.

9

this Court concludes his ex post facto claim is without merit.

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendants' motion for summary judgment (Court File No. 31) and **DENY** Plaintiff's motion for summary judgment (Court File No. 44).

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**